**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Rassie Lee RECTOR, Defendant–Appellant.**

No. 02–4627.

United States Court of Appeals, Fourth Circuit.

Submitted Nov. 24, 2003.

Decided Jan. 5, 2004.

■■■

Tanya L. Davis, Belser & Parke, P.A., Asheville, North Carolina, for Appellant. Jill Westmoreland Rose, Office of the United States Attorney, Asheville, North Carolina, for Appellee.

Before MICHAEL, MOTZ, and GREGORY, Circuit Judges.

Affirmed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM.

Rassie Lee Rector pled guilty to conspiracy to possess with intent to distribute at least five kilograms of a mixture containing cocaine and fifty grams of a mixture containing methamphetamine and was sentenced to 140 months of incarceration. On appeal, counsel has filed a brief under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), alleging that there are no meritorious claims on appeal but raising the following issues: (1) whether trial counsel provided ineffective assistance of counsel, and (2) whether the Government's failure to move for a downward departure for substantial assistance under *U.S. Sentencing Guidelines Manual* § 5K1.1 (2001) constitutes prosecutorial misconduct. Rector has filed a pro se informal brief and supplement alleging ineffective assistance of counsel. For the reasons that follow, we grant Rector's motion to amend his pro se supplement and affirm his conviction and sentence.

Generally, claims of ineffective assistance of counsel are not cognizable on direct appeal; to allow for adequate development of a record, a defendant must bring his claim under a 28 U.S.C. § 2255 (2000) motion, unless the record conclusively establishes ineffective assistance. *United States v. Richardson,* 195 F.3d 192, 198 (4th Cir.1999); *United States v. King,* 119 F.3d 290, 295 (4th Cir.1997). We find that neither counsel nor Rector has raised claims of ineffective assistance cognizable on direct appeal.

We do not find that the Government's failure to move for downward departure for substantial assistance constitutes prosecutorial misconduct. The Government was not obligated under its plea agreement with Rector to so move, *United States v. Snow,* 234 F.3d 187, 190 (4th Cir.2000), and there is no indication that it refused to make the motion for an unconstitutional motive. *Wade v. United States,* 504 U.S. 181, 185–86, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992).

We have examined the entire record in this case in accordance with the requirements of *Anders,* and find no meritorious issues for appeal. Accordingly, we affirm. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*